UNITED STATES DISTRICT COURT
For The DISTRICT OF RHODE ISLAND

Kyioshi L: Hood-Harrison )  Complaint
℅ P.O. Box 1174 )
Coventry, Rhode Island [02816] )
)
)
*Plaintiff, Pro Per* )  Case No._____
)
)
)
HallKeen Management, Inc )
Springfield Armoury Limited Partnership, )
HallKeen Woodland Limited Partnership, )
1536 Westminster St.(registered agent address) )
Providence, Rhode Island 02903 )
1140 Reservoir Ave, suite 201(registered agent) )
Cranston, Rhode Island 02920 )
)
)
*Defendant* )
)

**Comes Now,** Kyioshi L: Hood-Harrison ("Plaintiff") submits this complaint against HallKeen Management, Inc ,Springfield Armoury Limited Partnership,HallKeen Woodland Limited Partnership, ("Defendant") for discrimination and alleges the following:

## PARTIES

1. Plaintiff is now and at all times relevant has been domiciling in Coventry, Rhode Island.

2. Defendants at all times relevant have been residents and/or work in Coventry, Rhode Island.

## JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to 42 U.S.C. ch 45 § 3604(3)B, R.I. Gen L §42-87-3, R.I. Gen Laws § 34-37-1 ,Fair Housing Act , Americans Disability Act,

4. Venue is appropriate in this court as both parties domicile/work in this judicial district, the alleged actions occurred in this district.

## GENERAL ALLEGATIONS OF FACT

5. On April 29, 2022, the Plaintiff, (Ms.Hood-Harrison) initiated the formal process by submitting a Request for Reasonable Accommodations to the Defendant.

6. September 29, 2022 the Plaintiff had not heard anything in regards to reasonable accommodations and verbally checked in with the Defendant to which the Defendant referred the Plaintiff to another Agent for the owner, Laura Sousa, to which the Plaintiff was told " things are backed up in the office and many of the reasonable accommodations hadn't been submitted and that the Defendant would follow up with the Plaintiff.

UNITED STATES DISTRICT COURT
For The DISTRICT OF RHODE ISLAND

7. Defendant Rene Gardiner, Laura Sousa, agents for owner, 9/2022 told Plaintiff via email to not email her anymore and stated everything has to be put through by phone, verbatim. There was no meaningful intentional communication in regards to reasonable accommodations.    (Exhibit A)

8. Around January 2023 the Plaintiff began inquiring again verbally about reasonable accommodations and was ignored by the Defendants.

9. April 13,2023 an elderly neighbor (indigenous to Europe) moved in on the first floor of the same building as the Plaintiff (native american)in apartment #113, on the lower floor. The new elderly neighbor ABLE BODIED family members began parking in the handicap parking spots. (Exhibit B)(the spot is indeed a handicap parking spot and has be painted over with caution lines to further deprive ones of a proper parking space.near the ramp. )

10. May 12 2023, Parking grievances were submitted in writing to Defendant, Christina Rahn, Agent for owner of HallKeen, by Plaintiff via email and sent to Andrew P. Burnes , CEO of Hallkeen to Norwood, MA corporate office.    (Exhibit C)

11. May 12, 2023, Plaintiff submits report to HUD. Jaide M. Talmadge initiated HUD investigation. (Exhibit D)

12.May 16 2023, Defendant Christina Rahn, Agent for Owner of HallKeen responds via email to parking grievance verbatim, " Unfortunately , due to confidentiality rules, I am not permitted to discuss the details of any residents situation, however I can assure you the people mentioned in your complaint are residents and therefore are permitted to park in residents spaces to include the accessible spots." which did not address the parking issue at hand and was not helpful to the Plaintiff.    (Exhibit E)

13. June. 22 2023, HUD/ Commission for Human rights takes over the discrimination charge. (Exhibit F) Defendants Carolyn Marzilli, Agent for Owner of Hallkeen, had maintenance insert another application for reasonable accommodations into the Plaintiff's door. Plaintiff emailed the Defendant Carolyn Marzilli, about the new application and was told "application has been sent to my doctor Katie Erick several times and hasn't been filled out correctly by the doctor and would like the Plaintiff to re-do the process , despite being told June 19th 2023 the accommodation was approved.    (Exhibit G)

14. June 25, 2023 Plaintiff responded to Defendant Carolyn Marzilli, Agent for Owner for HallKeen, via email about reasonable accommodations, what the Plaintiff is requesting etc.   (Exhibit H)

15. July 5 2023,Christina Rahn , Agent for Owner of HallKeen, inquires again about reasonable accommodations via email.  (Exhibit I)

16. After many verbal disputes/ disagreements with the the elderly neighbors guests, the Plaintiff asked the Defendants via email to talk to the individuals about the "parking rules". Plaintiff was told by the Defendant Rene Gardiner upon initial move in 8/16/2023 that the visitors are supposed to park on the

outside of the lot or they will be towed as its permit parking only.") July 8 2023 Defendant Christina Rahn, Agent for Owner of Hallkeen, refused to talk to the individuals about the issue. Defendant deflected and in turn did not resolve the issues in a professional manner as property Manager Agent for the owner. (Exhibit J)

17. July 2023 Plaintiff attempted to conciliate with the aid of Commission of Human Rights, with the Defendant asking for a parking space and reasonable accommodation a lower two bedroom apartment for Plaintiff and Plaintiff child. Defendants Refused to solidify agreement in writing. (Exhibit K)

18. Defendant Christina Rahn, Agent for Owner of HallKeen have attempted to place obstacles and barriers to prevent the Plaintiff from moving to new accommodation ie: past due rent, talks of illegally keeping current security deposit for new apartment, claiming new accommodation is for a new contracted building under HUD so Plaintiff will have to do a total move out/ move in process. (Exhibit L)

19. August 10, 2023, Defendants Christina Rahn and Rene Gardiner Agents for Owner of HallKeen had a meeting with the Plaintiff in regards to signing new leasing contract for reasonable accommodation, discuss " move in date", what issues are currently being repaired in the new apartment, and when the Plaintiff will be able to do a walk through of the new apartment. Plaintiff and RICHR was told the Plaintiff would be able to begin moving in mid August / early September, depending on maintenance repairs. despite no conciliation agreement signed by the Defendants. (Exhibit M)

20. Plaintiff drafts new conciliation agreement with RICHR, Carluis Mercedes, asking for past due rent to be removed and compensation of $1,000, assigned parking spot, as well as the reasonable accommodation. Defendants refused to conciliate, again.

21. September 28, 2023 Plaintiff proposed a revised conciliation agreement, seeking $80,000 for intentional infliction of distress and an early release from the leasing contract early as Plaintiff no longer feels safe in the hostile, abusive environment they are domiciling at. (Exhibit N)

22. October 1, 2023, the Defendants signed the second conciliation agreement, offering an assigned parking spot, $1,000 compensation, and a new dwelling on the first floor. Which the Plaintiff refused to sign in agreement. (Exhibit O)

23. October 20,2023 at 10:09 a.m., Kurt A. Rocha, counsel for the Defendants,contacted the Plaintiff to arrange a move to a new apartment, despite a cease and desist, to say that a two bedroom is available to

look at October 30th 2023, Kurt A. Rocha then sent another immediate follow up email at 10:15 am stating " Sorry for the two quick emails, but your move in date is scheduled for November 1st 2023, My client is arranging movers for your transfer to the new apartment. Can we have a call to discuss the best way to achieve a seamless move for you on November 1st? ", verbatim. Plaintiff responded to Defendants Counsel October 23,2023 to clarify the email and reiterate terms of HUD Conciliation- which states because a Respondent offers accommodations doesn't mitigate the injuries but lessens it a bit. Defendants counsel continues to push new apartment, disregarding legal elements of RICHR charge at hand.. (Exhibit P)

24. October 25, 2023, 5:00 p.m., Defendants counsel Kurt A. Rocha,Defendants' counsel urged the Plaintiff via email to consider the new apartment without proper consultation. " Ms. Harrison: Please see the attached in the event you decide to take this new apartment." Defendants continue to urge Plaintiff to take apartment without Defendants properly consulting with the Plaintiff prior to ordering movers and confirming said move.    (Exhibit Q)

25. November 1st 2023, The Plaintiff was informed by Rhode Island Commission for Human Rights, (RICHR) that their investigation will exceed the 100 day limit and will possibly conclude around 12/31/23. The Plaintiff then requested in writing via email for the right to sue.   (Exhibit R)

26. November 7th 2023, Defendants counsel Kurt A. Rocha, emailed the Plaintiff via email to inform the Plaintiff that the Defendant will hold the accommodation, new dwelling until November 30 2023,. (Exhibit S)

27. The Plaintiff sought clarification from the Defendants counsel Kurt A. Rocha,via email about the reasonable accommodations terms and how the process will ensue, to which the Defendants counsel Kurt A. Rocha responded " Ms. Harrison: My client's offer to keep the apartment available to you until November 30th is separate and apart from any potential settlement related to your Charge pending before the Commission for Human Rights. The apartment is being made available to you until November 30th in response to your request for an accommodation. Please let me know if you would like to accept the apartment and/or view it. As it relates to your Charge, my understanding is that you were demanding $80,000 as part of any settlement. Unfortunately, my client cannot accept that amount. My client would be open to a potential settlement to the Charge, but any settlement would most likely not include any monetary damages. Happy to have a call if you would like to discuss in greater detail". The Plaintiff acknowledged the Defendants refusal to discuss mitigation. The Plaintiff clarified that she was thankful

UNITED STATES DISTRICT COURT
For The DISTRICT OF RHODE ISLAND

for that intel and that she was not referring to the RICHR / HUD charge and agreed to view the accommodation Friday November 10 at 11am. (Exhibit T)

### CLAIM FOR RELIEF

28. Plaintiff hereby reallege and incorporate Paragraphs 1 through 27, as though fully set forth at length herein.

29. Defendants, fully aware , of their own freewill took on obligations federally regulated by the Fair Housing Act, HUD ,Americans with Disabilities Act, R.I. Gen Laws § 34-37-1, R.I. Gen Laws § 42-87-1.

30. The Defendants possessed full awareness of the Plaintiff's disabilities and/or mobility impairment.

31. Defendants willfully, intentionally violated the Plaintiffs rights and contractual equity byway of breach of contract.

32. Defendants intentional unreasonable delay in reasonable accommodations has put significant physical strain on Plaintiff.

33. Defendants gained liability upon taking on contractual obligation to effectively deliver communication to Plaintiff regarding resolution for handicap parking grievances as well as reasonable accommodations.

34. Defendants willfully, intentionally engaged in disparate treatment / biased selective enforcement of complex property policies that resulted in unfair, unequal treatment to the Plaintiff.

35. Plaintiff requests jury trial to all issues herein.

### PRAYER FOR RELIEF

WHEREFORE Plaintiff moves this Honorable Court to enter an Order of Final Judgement awarding Plaintiff money damages and such other and further relief as the Court may deem reasonable and just under the circumstances;

UNITED STATES DISTRICT COURT
For The DISTRICT OF RHODE ISLAND

A. Compensation in the amount of $80,000 for the intentional infliction of emotional, mental, physical distress. Loss of enjoyment in dwelling, according to proof,

B. For cost of suit incurred herein where applicable.

C. Option for Plaintiff to terminate lease upon judgment

D. Punitive Damages to be determined by the Court

E. Injunctive relief to be determined by the Court

By: Kyioshi L:Hood-Harrison©
℅ P.O.Box 1174
Coventry, Rhode Island [02816]
*Pro Per, Plaintiff*
*Without Prejudice*