UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

KYIOSHI L. HOOD-HARRISON, :
    Plaintiff, :
 :
v. : C.A. No. 23-481-WES
 :
HALLKEEN MANAGEMENT, INC., :
SPRINGFIELD ARMOURY LIMITED :
PARTNERSHIP, and HALLKEEN :
WOODLAND LIMITED PARTNERSHIP, :
    Defendants. :

**ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court is the motion of *pro se* Plaintiff Kyioshi L. Hood-Harrison to quash Defendants' subpoenas for her physical and mental health medical records. ECF No. 19. The motion has been referred to me for determination. In considering Plaintiff's arguments, the Court has afforded Plaintiff the leniency due to any *pro se* litigant. See De Barros v. From You Flowers, LLC, 566 F. Supp. 3d 149, 152 (D.R.I. 2021).

In this case, Plaintiff alleges that, since 2021, she has resided in housing owned and managed by Defendant HallKeen Management, Inc. ("HallKeen"). ECF No. 11 ¶ 9. Plaintiff contends that, beginning in 2022, Defendants engaged in housing discrimination by denying a reasonable accommodation of her disabling leg condition, by refusing to move her from a third-floor apartment and denying her handicap and/or accessible parking. Id. ¶¶ 10-35. She also claims that this conduct has caused her "significant physical and emotional distress." E.g., id. ¶¶ 43, 45. As part of her initial disclosures, Plaintiff produced selected medical records pertaining to her leg disability and one medical record pertaining to her allegation of a significant mental health injury caused by her "ongoing struggles from her lack of having been granted reasonable

housing accommodations sooner." ECF No. 19-2 at 7; see ECF Nos. 19 at 5, 19-2. Plaintiff now challenges Defendants' subpoenas, which seek complete medical records regarding these two conditions with a five-year lookback for the period prior to the alleged discrimination (and a four-year lookback from when Plaintiff first resided in a HallKeen apartment). She argues that her partial production of medical records is enough, that the remainder are irrelevant, disproportional, and burdensome, and that further production would be a privacy invasion.

A week after she docketed her motion with the supporting argument, Plaintiff filed a "Supplemental Argument," for which she did not seek leave of Court. ECF No. 20. In this submission she argues that the subpoenas in issue were signed by Samatha Hand Garnet who Plaintiff alleges is "an unknown party," and not a party or an attorney authorized to practice in this Court, as required by Fed. R. Civ. P. 45(a)(3). Id. at 1-2. On reply, Plaintiff doubles down on this argument, adding the contention that Ms. Hand Garnet has engaged in the unauthorized practice of law. ECF No. 22 at 3-4. There are two serious problems with this argument. First, Plaintiff supports the argument not with a copy of the subpoenas, but with a copy of a transmittal letter signed by Ms. Hand Garnet (who appears to be a paraprofessional with Defendants' counsel's law firm as she is not listed as an attorney on the letter she signed). ECF No. 22-1. With no copies of the subpoenas in issue the Court is unable to ascertain who signed them. Thus, Plaintiff has failed to demonstrate that the subpoenas in fact were signed by an unauthorized person. Second, Plaintiff's "Supplemental Argument" was docketed (without leave of Court) at 12:19 pm on August 22, 2024, and Defendants' opposition was docketed the same day (at 5:07 pm). Because neither Plaintiff's motion nor Defendant's opposition address this argument at all, the Court is compelled to find that Plaintiff's failure to comply with DRI LR Cv. 7[1] has caused

---

[1] This Local Rule is designed to avoid the precise confusion that Plaintiff's "Supplemental Argument" has caused in this case. It requires a litigant to include argument as part of the motion to compel (either in the motion itself or in a

Defendants' omission in failing to address this argument, resulting in confusion for the Court and potential delay of the proceeding.

Based on the foregoing, the Court finds that the subpoenas in issue seek the production of documents that are highly relevant to Plaintiff's claims, as Plaintiff herself tacitly concedes by having made a partial production of them.[2]  See Iniguez v. Wayfair LLC, No. 5:21-cv-00880-MWF (SPx), 2022 WL 2168152, at *2-3 (C.D. Cal. Jan. 11, 2022) (in case alleging discrimination, defendant reasonably seeks mental and physical medical records given that plaintiff placed mental and physical health at issue by claiming physical disability and related emotional distress).  Nevertheless, the Court finds that the temporal scope of the subpoenas – a five-year pre-injury buffer – is somewhat overbroad and that three years is a more reasonable approach to ensuring that the production will pick up relevant pre-injury consideration of the physical and mental health medical conditions that Plaintiff has squarely put in issue.[3]  See Hooks v. Target Corp., No. 5:22-cv-00052-SSS (SPx), 2022 WL 18142528, at *3 (C.D. Cal. Dec. 29, 2022) (when plaintiff seeks redress for discrimination based on physical disability and intentional infliction of emotional distress, medical records for period beginning three years prior to injury are relevant).  Importantly, Plaintiff has not presented reasons why a narrower temporal scope would be more appropriate.  The Court further finds that, with the temporal scope limited, the subpoenas are proportional and not burdensome, as well as that Defendants' need for the

---

contemporaneously filed memorandum), and then to limit the reply to what was addressed in the opposing party's response.

[2] Confirming that she considers these documents to be highly relevant, Defendants reveal that Plaintiff herself has also issued subpoenas to her medical providers, but that Plaintiff has cherrypicked what has been produced so they do not yet have a complete set of relevant records.  ECF No. 21 at 3.

[3] This ruling is not intended to preclude Defendants from seeking records from the earlier period if complete production for the period from January 1, 2019, to the present reveals that more is needed.

information sought clearly outweighs the privacy interest of Plaintiff.  See R.I. Gen. Laws § 5-37.3-6.1.  Accordingly, as limited, the motion to quash is denied.

The Court pauses briefly to address the issue of who signed the subpoenas.  The Court does not find such an error to be grounds to quash them in the circumstances presented here.  Rather, if the subpoenas were not signed by an attorney or person as required by Fed. R. Civ. P. 45(a)(3), the Court directs that Defendants shall reissue them, signed by an authorized person.

Based on the foregoing, Plaintiff's motion to quash (ECF No 19) is GRANTED to the extent that the subpoenas seek medical records relating to the time period prior to January 1, 2019; otherwise, the motion to quash is DENIED.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
August 30, 2024